

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00143-CV

---

## THE CARLSON LAW FIRM, PC, APPELLANT

V.

## AUSTIN CARRIZALES LAW, PLLC, APPELLEE

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2018-531,707, Honorable Ed Self, Presiding by Assignment

---

June 25, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an interlocutory appeal from a trial court order denying a motion to dismiss under the Texas Citizens Participation Act.[1]  In the underlying lawsuit, Austin Carrizales

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011 (West 2020 & West Supp. 2020).  An interlocutory order denying a TCPA motion to dismiss is immediately appealable.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12) (West Supp. 2020).

Unless otherwise indicated, citation to the Texas Citizens Participation Act (the Act or TCPA) shall be "*Id.* § ____."

Carrizales's lawsuit was filed in 2018.  Therefore, citation to the Act shall be to that version in place at the time the original petition was filed.  *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11-12 (providing the change in law made by the Act applies only to an action filed on or after the effective date of

Law, PLLC, sued The Carlson Law Firm, PC,[2] to obtain a portion of attorney's fees alleged to be shared by the two law firms following the disposition of a personal injury lawsuit. When Carrizales amended its pleadings to add seven additional causes of action, Carlson filed a TCPA motion to dismiss the new claims, alleging they were based on or in response to Carlson's right to petition. The trial court concluded the TCPA did not apply and denied Carlson's motion to dismiss. This appeal followed.

Because we conclude that the TCPA applies to the seven new causes of action and are not subject to the Act's bodily injury exemption, we reverse the order of the trial court and remand the case for further proceedings consistent with this opinion.

Background

William James Lang sued C. & D. Waste, Ltd., and others for personal injuries he allegedly sustained in an accident. Lang alleged as a proximate result of the accident he "sustained severe personal injuries and other damages" including physical impairment and scarring and pain, suffering, and mental anguish.

The attorney who initially handled the Lang Case withdrew from representation, so Lang signed a representation agreement with Carrizales in March 2016. According to Carrizales, it and Carlson thereafter entered into an agreement to share work and expenses necessary to prosecute the Lang Case; they allegedly agreed to share a portion

---

the Act; that is, September 1, 2019; an action filed before the effective date is governed by the law in effect immediately before that date), 2019 TEX. GEN. LAWS 684, 687.

[2] In the underlying case, Carrizales also named attorney Stacy Sustaita as a defendant. Because she did not file a TCPA motion to dismiss, it is unnecessary to discuss alleged agreements with or claims against Sustaita.

of the amount recovered by Lang, as an attorney's fee. Carrizales alleged the parties' fee-sharing agreement was oral, but on "information and belief" was committed to writing.

Carlson entered into a written contingency fee agreement with Lang that contained no provision for compensating Carrizales. The Lang Case settled; Carlson was paid a fee, but Carrizales alleges it was not shared with him. In August 2018, Carrizales sued Carlson to recover its portion of the fee. In its original petition, it sought declaratory relief and further alleged causes of action for breach of contract, tortious interference with contract, quantum meruit, and promissory estoppel.

In January 2020, Carrizales amended its petition to add causes of action against Carlson for fraud, "beneficiary of fraud," conversion, securing documents by deception, theft, money had and received and unjust enrichment, and breach of fiduciary duty. Carlson filed a TCPA motion to dismiss on the ground that the seven new causes of action were "based on or in response to" Carlson's exercise of its right to petition in the Lang Case. *See id.* § 27.003(a).

In a preliminary order, the trial court found the TCPA applied to the seven causes of action and granted Carrizales limited discovery. Ultimately, though, the trial court denied Carlson's motion, concluding the TCPA did not apply to the claims added by Carrizales. It accordingly made no ruling on Carlson's evidentiary objections or assessed whether Carrizales presented clear and specific evidence for each new cause of action. This appeal followed.

3

Analysis

"Our primary objective in construing statutes is to give effect to the Legislature's intent. The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex. 2011) (citations omitted). Prior to its amendment in 2019, the TCPA provided for the dismissal of a "legal action" that "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." *See id.* § 27.003(a); *Montelongo v. Abrea*, No. 19-1112, 2021 Tex. LEXIS 343, at *1 (Apr. 30, 2021). "Legal action" is statutorily defined to mean "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." *See id.* § 27.001(6). Significant to disposition of the present appeal, the "legal action" relevant to our TCPA analysis means the seven causes of action added in Carrizales's amended pleading, not the Lang Case. No party has invoked the TCPA to dismiss the Lang Case.

We review de novo whether the parties met their respective burdens of proof under the Act. *Tex. Custom Wine Works, LLC v. Talcott,* 598 S.W.3d 380, 385 (Tex. App.— Amarillo 2020, no pet.); *Batra v. Covenant Health Sys.,* 562 S.W.3d 696, 708 (Tex. App.— Amarillo 2018, pet. denied). We also review issues of statutory construction de novo. *ExxonMobil Pipeline Co. v. Coleman,* 512 S.W.3d 895, 899 (Tex. 2017) (per curiam).

Carlson, as movant seeking dismissal, must show the TCPA's applicability by proving by a preponderance of the evidence that Carrizales's legal action is based on,

4

relates to, or is in response to Carlson's exercise of, *inter alia*, the movant's right to petition. *Id.* § 27.005(b)(2); *Youngkin*, 546 S.W.3d at 679. Carrizales, as the party urging the bodily injury exemption, bears the burden of proving that exemption's applicability. *Best v. Harper,* 562 S.W.3d 1, 11 (Tex. 2018) (noting if a TCPA exemption applies, the movant cannot invoke the TCPA's protections); *Awah v. Synergenx Physician Servs., PLLC,* No. 01-19-00674-CV, 2021 Tex. App. LEXIS 2928, at *9 (Tex. App.—Houston [1st Dist.] Apr. 20, 2021, no pet.) (mem. op.) ("The nonmovant can avoid this burden-shifting requirement by demonstrating that one of the TCPA's exceptions applies, such as the commercial-speech exemption.").

Should Carlson carry its initial burden of showing the Act's applicability and Carrizales fail to show a statutory exemption, the causes of action should be dismissed unless Carrizales proves by clear and specific evidence a prima facie case for each essential element of each claim. *Id.* § 27.005(c); *Youngkin*, 546 S.W.3d at 679. If Carrizales satisfies its burden of presenting clear and specific evidence, dismissal is nevertheless warranted if Carlson proves by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *Id.* § 27.005(d).

1. Whether the TCPA Applies.

Carlson urged in its motion to dismiss Carrizales's seven causes of action that all new claims are "based on or in response to" Carlson's right to petition in the Lang Case. "Exercise of the right to petition" includes, *inter alia*, "a communication in or pertaining to a judicial proceeding." *Id.* § 27.001(4)(A)(i). "Communication" is defined by the Act as "includ[ing] the making or submitting of a statement or document in any form or medium,

5

including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The definition encompasses both public and private communications. *Lippincott v. Whisenhunt,* 462 S.W.3d 507, 509 (Tex. 2015).

Carrizales's legal action against Carlson, as defined by the TCPA, is grounded on alleged communications with Carlson regarding representation in the pending Lang Case, including dividing responsibilities and sharing attorney's fees. We conclude Carlson met its initial burden of showing by a preponderance of the evidence the new causes of action are based on or in response to communications in or pertaining to a judicial proceeding, as defined by statute to encompass Carlson's right to petition. *See id.* § 27.005(b)(2).

2. Whether a Statutory Exemption to the TCPA Applies.

We next examine whether Carrizales's claims fall within any exemption to the TCPA. *Best,* 562 S.W.3d at 11; *Kostura v. Judge,* No. 07-20-00310-CV, 2021 Tex. App. LEXIS 4460 (Tex. App.—Amarillo Jun. 7, 2021, no pet. h.) (mem. op.) (recognizing commercial-speech exemption). Here, Carrizales argues the TCPA does not apply to, "a legal action seeking recovery for bodily injury, wrongful death, or survival or to statements made regarding that legal action." *Id.* § 27.010(c). We disagree with Carrizales that the bodily injury exemption applies here.

Above, we observed from the statutory definition that the phrase "legal action" refers to the claims that are potentially subject to dismissal via the TCPA (i.e., Carrizales's seven new causes of action against Carlson). The phrase appears throughout the Act – in identifying the steps for dismissal, *id.* § 27.003, the ruling to be made by the trial court, *id.* § 27.005(b),(c), the evidence to be assessed, *id.* § 27.006, additional findings, *id.*

6

§ 27.007(a), imposition of damages and costs, *id.* § 27.009, – as consistently referring to the causes of action for which the movant seeks dismissal. Consistent with longstanding rules of statutory construction, we therefore hold the Legislature intended for the phrase "legal action," within the context of the TCPA's exemptions, to likewise refer to Carrizales's amended claims against Carlson, not the claims in the Lang Case. *See RSUI Indem. Co. v. Lynd Co.*, 466 S.W.3d 113, 126 (Tex. 2015) ("Generally, the law recognizes 'a natural presumption that identical words used in different parts of the same act are intended to have the same meaning.'") (quoting *Atl. Cleaners & Dyers v. United States*, 286 U.S. 427, 433, 52 S. Ct. 607, 76 L. Ed. 1204 (1932)).

We therefore examine whether Carrizales's amended causes of action against Carlson seek recovery for bodily injury, wrongful death, or survival, or pertain to "statements made regarding *that legal action*." *Id.* § 27.010(c) (emphasis added). The term "bodily injury" is not defined by the Act. Courts give undefined words "their common, ordinary meaning unless the statute clearly indicates a different result." *Jaster v. Comet II Constr., Inc.,* 438 S.W.3d 556, 563 (Tex. 2014) (plurality op.) (citing *Molinet,* 356 S.W.3d at 411). It is generally understood that "bodily injury" means "physical damage to a person's body." *Cavin v. Abbott,* 545 S.W.3d 47, 57 (Tex. App.—Austin 2017, no pet.) (quoting BLACK'S LAW DICTIONARY 906 (10th ed. 2014)).

Although the record suggests the Lang Case involved a suit pertaining to alleged bodily injury, we find no support for a proposition that the legal action before this Court (i.e., Carrizales against Carlson) seeks recovery for any bodily injury, or for wrongful death or survival. Moreover, none of the alleged statements that are relevant to Carrizales's causes of action pertain to *its legal action* against Carlson. Accordingly, we

7

hold that Carrizales's seven additional causes of action are not exempt from the TCPA via the bodily injury exemption.[3]  Carlson's issue is sustained.

## Conclusion

When the trial court concluded the TCPA is inapplicable, it did not address Carlson's objections or Carrizales's prima facie proof under the next step of the TCPA dismissal process.  Having held that the trial court erred in its legal determination, we therefore reverse the interlocutory order denying dismissal and remand the case to the trial court for consideration of the remaining issues before it.  *Id.* at § 27.005(c).


Lawrence M. Doss
Justice

---

[3] *See also Brann v. Guimaraes*, No. 01-19-00439-CV, 2020 Tex. App. LEXIS 7367, at *20 (Tex. App.—Houston [1st Dist.] Sep. 10, 2020, no pet.) (mem. op.) (holding that bodily injury exemption did not remove legal action for false imprisonment from TCPA's reach when plaintiffs did not allege physical injury, but instead alleged emotional and reputational damages).

8